UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN, | No. 2:24-cv-2104 DC CSK P |
| Plaintiff, | |
| v. | ORDER |
| DR. CORWIN EDAR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

Plaintiff alleges that on December 13, 2023, plaintiff saw defendant Dr. Corwin Edar and explained that plaintiff's primary care physician had left plaintiff on a list for several months to be seen by a nerve doctor but then later claimed they had no contract with a nerve doctor.  (ECF No. 1 at 4.)  Dr. Edar claimed he was plaintiff's primary care physician's boss.  Plaintiff explained he was very concerned about his medical care, and wanted a different doctor; Dr. Edar said he could not promise he could take her off plaintiff's chart or ensure follow-up visits.  Plaintiff explained he has severe pain in his left forearm and bicep, and it feels like major nerve damage and limits his range of motion.  (Id.)  In addition, he informed Dr. Edar that although RCCC medical staff has been aware of the mass on plaintiff's left forearm since October 2022, no biopsy has been performed to confirm it's just a lipoma, as medical staff presumes.  (Id.)  While plaintiff was explaining, Dr. Edar quietly walked behind plaintiff, put one hand on plaintiff's shoulder, and quickly and forcefully snatched plaintiff's left arm, forcing it past the range of motion limit plaintiff had identified.  Plaintiff states that Dr. Edar's actions "instantly inflicted extreme pain to an already very painful condition, making things much worse."  (Id.)  As a result, plaintiff alleges that the mass has become very hard and presses directly on a nerve, and the left bicep is under much more stress when moving, increasing his nerve damage to unbearable.

In his second claim, plaintiff alleges that on January 23, 2024, near the elevator, plaintiff informed Dr. Fadaki that plaintiff's blood pressure pill had changed to an extremely strong green pill that made plaintiff sick for four days.  (Id. at 5.)  Plaintiff claims that Dr. Fadaki responded, "you'll either take the pill or refuse your medicine," which plaintiff alleges is medical malpractice.  (Id.)  Plaintiff then told Dr. Fadaki that due to his left bicep and the mass on his left forearm, plaintiff could only lift his arm so high and could feel severe nerve damage.  (Id.)

3

1  Plaintiff alleges Dr. Fadaki grabbed plaintiff's arm and forcefully pulled it straight up, trying to
2  pass the range plaintiff had described.  Plaintiff yelled and pulled his arm away.  Plaintiff claims
3  that Dr. Fadaki told plaintiff to either let her pull plaintiff's arm all the way past the painful
4  limited range or she would document that plaintiff refused treatment.  (Id.)  Plaintiff refused, and
5  plaintiff claims that Dr. Fadaki, allegedly in a rage, discontinued plaintiff's appointment and sent
6  him back to his cell.  (Id.)  Plaintiff alleges that Dr. Fadaki did not order a biopsy of the mass on
7  plaintiff's forearm, just assuming it was a lipoma.  Plaintiff claims that Dr. Fadaki stated several
8  times that a more professional opinion was needed, but failed to take the steps needed and was
9  partially responsible for plaintiff's release to state custody without a proper diagnosis or
10 treatment.  (Id.)

Plaintiff alleges that his condition became much worse after Dr. Fadaki "attacked" plaintiff's bicep, and the nerves around the mass are much more stressed.  (Id.)  Plaintiff seeks unidentified injunctive relief, declaratory relief, and monetary damages.  (ECF No. 1 at 9.) Plaintiff names Dr. Edar and Dr. Fadaki as defendants.

III.    DISCUSSION

    A.    <u>Standards Governing Medical Care</u>

A claim for a violation of a pretrial detainee's right to adequate medical care arises under the Fourteenth Amendment rather than the Eighth Amendment.  <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment).  "Pretrial detainees have a constitutional right to adequate medical care while in the custody of the government and awaiting trial."  <u>Est. of Nelson v. Chelan Cnty.</u>, 2024 WL 1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing <u>Russell v. Lumitap</u>, 31 F.4th 729, 738 (9th Cir. 2022)).  The claim is evaluated under an objective deliberate indifference standard.  <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or health, the detainee must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious

> harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case." Id. (citations and internal quotation marks omitted). The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard. See id. Mere negligence and a simple lack of due care do not violate the Fourteenth Amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); Gordon, 888 F.3d at 1125.

B. Analysis

In 2023, plaintiff was a pretrial detainee housed in the Sacramento County Jail.[1] Here, plaintiff's allegations fail to demonstrate defendants' actions were deliberately indifferent. Plaintiff concedes that Dr. Fadaki and medical staff at the jail believed the mass on plaintiff's forearm was a lipoma. But even if defendants misdiagnosed the mass on plaintiff's forearm such misdiagnosis constitutes medical malpractice, not a Fourteenth Amendment violation.[2] Although plaintiff characterizes the doctors' movement of plaintiff's arm as an attack, plaintiff also alleges that both doctors moved plaintiff's arm after plaintiff reported problems with his range of motion in his arm, supporting the inference that the doctors were evaluating plaintiff's range of motion in

---

[1] Plaintiff was a state prisoner at the time he filed the instant complaint. But according to plaintiff's petition for writ of habeas corpus, plaintiff was not convicted until February 6, 2024. Kern v. Superior Court, No. 2:24-cv-2432 DAD JDP P (E.D. Cal.). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Thus, at the time of the instant allegations, plaintiff was a pretrial detainee.

[2] Indeed, according to plaintiff's own civil rights complaint, even physicians at Pelican Bay State Prison, where plaintiff is presently housed, believe that the mass is a lipoma, and have also not taken a biopsy of the mass. Kern v. Dr. D. Goller, 2:24-cv-7094 CRB (N.D. Cal. Dec. 23, 2024) (ECF No. 8 at 4).

response to his reported symptoms.³ Further, while plaintiff objects to such range of motion testing, plaintiff provides no facts showing that their efforts to test plaintiff's range of motion was objectively unreasonable under the circumstances where both doctors moved plaintiff's arm after he reported problems with his range of motion in his arm. In addition, the Court observes that in an earlier § 1983 case, plaintiff acknowledges that he was referred to an orthopedic specialist, Dr. Ho, some time prior to March 30, 2023, and saw Dr. Ho again on March 19, 2024. Kern v. Dr. Ho, 2:24-cv-1931 TLN CSK P (E.D. Cal.) (ECF No. 1 at 4). While it is clear that plaintiff believes he should have been provided a biopsy for the mass on his forearm and disagrees with the range of motion testing, such disagreement fails to rise to the level of a constitutional violation. Because plaintiff's injuries are unclear, the Court cannot determine whether it is plausible that the doctors' actions in testing plaintiff's range of motion caused plaintiff's injuries to worsen.

In addition, plaintiff's allegation concerning his blood pressure medication, which plaintiff characterizes as medical malpractice, is too vague and conclusory for this Court to determine whether plaintiff could state a cognizable Fourteenth Amendment claim. Absent facts not alleged here, the medication issue would at most rise to the level of malpractice, which fails to state a cognizable Fourteenth Amendment claim.

Finally, plaintiff's request for unspecified injunctive relief against defendants is now moot because plaintiff is no longer housed at the Sacramento County Jail, but has been transferred to state custody, and plaintiff does not allege he has a reasonable expectation of returning to the county jail. See Stine v. Von Blankensee, 2024 WL 1406428, at *1 (9th Cir. Apr. 2, 2024) ("Stine's deliberate indifference claim seeking injunctive and declaratory relief has become moot because Stine was transferred to another prison"); Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for

---

³ For example, where a prisoner complained of having a painful tear in his left shoulder, the doctor "performed range of motion testing." See Payan v. Tate, 2016 WL 310121, at *1 (E.D. Cal. Jan. 26, 2016), report and recommendation adopted, 2016 WL 1573203 (E.D. Cal. Apr. 19, 2016).

1  injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved
2  and "he has demonstrated no reasonable expectation of returning to [the prison]")); Greer v.
3  KCSO Administration, 2021 WL 3857677, at *1 (E.D. Cal. Aug. 30, 2021), recommendation
4  adopted, 2021 WL 4502818 (Oct. 1, 2021) (finding Greer's claim for injunctive relief against
5  county jail moot where he is incarcerated in state prison and there is no reasonable expectation he
6  will return to the county jail), findings and recommendations adopted, 2021 WL 4502818 (Oct. 1,
7  2021).

        C.      Leave to Amend

In light of the above deficiencies, plaintiff's complaint must be dismissed. The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The Court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff should provide the date of conviction so the Court may determine whether the Eighth or Fourteenth Amendment applies to his claims. Plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Ramirez v. Cnty. of San Bernardino</u>, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.      CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  April 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/kern2104.14n.csk

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CURTIS KERN,<br><br>   Plaintiff,<br><br>   v.<br><br>DR. CORWIN EDAR, et al.,<br><br>   Defendants. | No.  2:24-cv-2104 DC CSK P<br><br>NOTICE OF AMENDMENT |

   Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint
   (Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff

9